AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

In the Matter of the Search of )
*An Apple iPhone 16 Pro Max, Currently Stored at* ) Case No. 25-mj-761-CDL
*Homeland Security Investigations, 125 West 15th* )
*Street, Suite 500, Tulsa, Oklahoma 74119* ) **FILED UNDER SEAL**
)

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the __Northern__ District of __Oklahoma__
*(identify the person or describe the property to be searched and give its location)*:
See Attachment "A"

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
See Attachment "B"

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before __September 19, 2025__
*(not to exceed 14 days)*

☐ in the daytime, 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
__Christine D. Little__.
*(name)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized (check the appropriate box):
☐ for ____ days (not to exceed 30).
☐ until, the facts justifying, the later specific date of ____.

Date and time issued: __September 5, 2025 @ 4:52 pm__   _____
Judge's signature

City and state: __Tulsa, Oklahoma__   __Christine D. Little, U.S. Magistrate Judge__
*Printed name and title*

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

## Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| 25-MJ-761-CDL | 9/8/2025 @ 8:00 AM | N/A - Device in Custody |

Inventory made in the presence of:
HSI CFA Shaun Elizondo / HSI SA Dustin Carder

Inventory of the property taken and name of any person(s) seized:

A digital copy of the data of the phone was made and provided to SA Carder by CFA Elizondo. SA Carder located pertinent identifying information in the data to include: device name, phone number, Apple ID, IMEIs, photographs, and location data.

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 9/15/2025

*Executing officer's signature*

Dustin Carder, HSI Special Agent
*Printed name and title*

## ATTACHMENT A

### Property to be Searched

The property to be searched is an Apple iPhone 16 Pro Max, serial number currently unknown, hereinafter the "Device." The Device is currently located at Homeland Security Investigations, 125 West 15th Street, Suite 500, Tulsa, Oklahoma 74119, within the Northern District of Oklahoma.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B. The Device is described above and pictured below:




## ATTACHMENT B

### Particular Things to be Seized

All records on the Device described in Attachment A that relate to the illegal reentry of a previously removed alien in violation of Title 8, United States Code, Section 1326 involving Steven Roberto PINEDA-Amaya, including:

1. Records relating to communication with others as to the criminal offense(s) listed above; including incoming and outgoing voice messages; text messages; emails; multimedia messages; applications that serve to allow parties to communicate; all call logs; secondary phone number accounts, including those derived from WhatsApp, and other applications that can assign roaming phone numbers; and other Internet-based communication media;

2. Records relating to documentation or memorialization of the criminal offense(s) listed above, including voice memos, photographs, videos, and other audio and video media, including Exchangeable Image File ("EXIF") data and any other metadata associated with those photos and videos, including device information, geotagging information, and information about the creation date of the audio and video media;

3. Records relating to the planning and execution of the criminal offense(s) above, including Internet activity, firewall logs, caches, browser history, and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, records of user-typed web addresses, account information, settings, and saved usage information;

4. Application data relating to the criminal offense(s) above;

5. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phone books, saved usernames and passwords, documents, and browsing history;

6. All records and information related to the geolocation of the Device from February 28, 2020 to September 2, 2025 (PINEDA was last removed from the United States on or about February 28, 2020, "[T]he crime of being 'found' in the United States is a continuing offense, and in the case of a surreptitious entry, that crime is first committed when the defendant voluntarily reenters the country and continues to be committed until the defendant is 'found.'" *United States v. Villarreal-Ortiz*, 553 F.3d 1326, 1330 (10th Cir. 2009); and

7. All records and information related to the coordination, agreement, collaboration, and concerted effort of and with others to violate the criminal statutes listed above.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.